UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

GLORIA SLOAN,
    Plaintiff,

vs.

CARNIVAL CORPORATION,
    Defendant.
_____/

## COMPLAINT

Plaintiff, Gloria Sloan, sues Defendant, Carnival Corporation, and alleges:

### A. Case Summary

1. This is a personal-injury/negligence action brought by a cruise-ship passenger against a cruise line after a fall on a cruise ship resulted in a broken ankle requiring surgical repair.

### B. Basis of Jurisdiction: Diversity of Citizenship

2. The Plaintiff's claim for relief arises out of an accident that happened on a ship sailing in navigable waters, while the ship was engaged in an activity—pleasure cruising—bearing a substantial relationship to traditional maritime activity, so the Plaintiff's claim for relief falls within the district court's admiralty/maritime jurisdiction.

3. But the Plaintiff's claim also falls within the court's subject-matter jurisdiction on diversity-of-citizenship grounds because:

    (a) the Plaintiff is a citizen of Louisiana.

    (b) the Defendant is a citizen of Panama and the state of Florida, as it is a corporation incorporated under the laws of the republic of Panama, and as its principal place of business is in Florida; and

    (c) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. So the Plaintiff designates this claim as one brought at law under the court's diversity-of-citizenship jurisdiction.

5. Although this claim is brought at law rather than in admiralty, it is nevertheless governed by the general maritime law.

### C. Venue

6. The Plaintiff has filed this case here because the Plaintiff's cruise ticket contains a forum-selection clause that requires actions such as this to be filed in the United States District Court in Miami, Florida. (The Plaintiff only reluctantly brings this case in federal court, however: she wanted to bring this case in state court, as is her right under the "saving clause" of 28 U.S.C. §1333(1), but the Defendant's forum-selection clause has forced her into federal court instead.)

### D. Negligence: Defective, Uneven Flooring

7. The Defendant, Carnival Corporation, owns and operates a cruise ship, the *Carnival Valor*, that sailed from New Orleans, Louisiana, on October 7, 2023, on a five-night Western Caribbean cruise.

8. On that cruise, a section of the hallway floor outside cabins 1-390 and 1-392 contained a defect that constituted a falling hazard: The floor was warped in a way that created a downward depression.

9. The warping of the floor was subtle enough that that one couldn't really *see* the unevenness with one's eyes without looking very closely, yet significant enough that one could easily trip over it.

10. Carnival had at least *constructive* notice of this hazard, for warping is the type of deformation that occurs very gradually over a long period of time—certainly over enough time for Carnival to have repaired it, in the exercise of reasonable care.

11. Carnival owes its cruise-ship passengers a duty of reasonable care under the circumstances.

12. Carnival breached that duty of care by failing to repair this tripping hazard.

13. On or about October 9, 2023, while the ship sailed in navigable waters off the Mexican coast, Carnival's breach caused a passenger—Plaintiff, Gloria Sloan—to trip and fall when she walked across that warped floor.

14. When Ms. Sloan—then age 49—fell, she suffered bodily injury, including a badly broken ankle that would require surgical repair, and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Ms. Sloan will suffer these losses in the future.

15. All conditions precedent have occurred or been performed.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000 in damages and costs.

### E. Request for Jury Trial

The Plaintiff respectfully requests a jury trial.

Respectfully submitted,

**David W. Singer**
David W. Singer (Florida Bar No. 306215)
dsingeresq@aol.com
Peter G. Walsh (Florida Bar No. 970417)
pwalsh@1800askfree.com
David W. Singer & Associates, PA
1011 South Federal Highway
Hollywood, FL  33020
954-920-1571
Attorneys for the Plaintiff, Gloria Sloan