**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No: 24-CV-24801-FAM

GLORIA SLOAN,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

### DEFENDANT CARNIVAL CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION *IN LIMINE* (ECF NO. 57)

Defendant, Carnival Corporation, hereby responds to Plaintiff, Gloria Sloan's ("Sloan") Motion *in Limine* (ECF No. 57):

**I.**    **Sloan's motion (no. 1) to exclude collateral source evidence should be denied in part.**

Carnival does not oppose Sloan's motion to the extent that she seeks to exclude evidence of the existence of health insurance coverage and the fact that her insurance made payments for her medical care following the alleged incident. However, Carnival is entitled to introduce evidence of the total amount paid in satisfaction of Sloan's medical bills, an amount which takes into account medical insurance write-offs and amounts paid by her insurer. Sloan correctly notes this issue is governed by *Higgs v. Costa Crociere S.P.A. Co*., which held that "the appropriate measure of medical damages is a reasonable value determined by the jury upon consideration of all relevant evidence." 969 F.3d 1295, 1308 (11th Cir. 2020). Under this standard "[b]oth the amount billed by healthcare providers and the amount paid by insurers are admissible as relevant to the question of fixing reasonable value." *Id.* To the extent that any portion of Sloan's medical bills were written off under a contract with her health insurer, such write-offs are not considered

1

collateral source payments and are "not subject to the evidentiary bar of the collateral source rule." *Id.* at 1315. As such, Carnival does not oppose Sloan's motion to the extent that it asks that references to her health insurers be redacted from her records of medical treatment received after the subject incident, while leaving the actual figures of what was paid and what was written off intact.

But Sloan's motion goes further than this to attempt to exclude evidence that her pre-existing right knee injury was treated under a workers compensation policy. The rule announced in *Higgs* has no bearing on this evidence. Sloan is not entitled to recover, nor is she seeking, the cost of pre-incident medical care. The fact that Sloan received pre-incident treatment under a workers compensation claim does not violate the collateral source rule as applied in maritime cases. The fact of Sloan's prior injury and medical treatment is relevant. In her initial answers to interrogatories Sloan claimed that she injured both knees in the subject incident. (ECF No. 42, ¶ 12). Sloan testified during her deposition that she injured her right knee. *See Id.*, ¶ 13. She has since supplemented her discovery to allege a left knee injury but has not formally withdrawn her claim of a right knee injury. *See id.*, ¶ 17. To the extent that an alleged right knee injury remains at issue at trial, the facts of how she previously injured her right knee at work and her course of treatment are highly relevant. The collateral source rule has no application to evidence that she was injured at work and made a workers compensation claim to obtain treatment. Carnival does not seek to introduce evidence of the amount of workers' compensation benefits she received or to argue that her recovery should be offset by those benefits. However, Sloan's medical records and records from the workers' compensation carrier are relevant and admissible to establish the nature and extent of her prior injury, and the course of her treatment and recovery. Thus, to the

extent that Sloan seeks to exclude evidence that her prior right knee injury resulted in a workers compensation claim, her motion should be denied.

## II. Carnival does not oppose Sloan's motion (no. 2) excluding "Golden Rule" and kindred improper arguments.

Carnival does not oppose Sloan's Motion in Limine No. 2 regarding "Golden Rule" and kindred improper arguments.

## III. Carnival does not oppose Sloan's motion (no. 3) to exclude insinuation of alcohol consumption or impairment evidence.

Carnival does not oppose Sloan's Motion in Limine No. 3 seeking to exclude insinuation of alcohol consumption or impairment evidence.

## IV. Defendant does not oppose Sloan's motion (no. 4) to exclude preclude procedural history of this action.

Carnival does not oppose Sloan's Motion in Limine No. 4 seeking to exclude evidence concerning the procedural history of this case.

## V. Sloan's motion (no. 5) to exclude undisclosed opinions of Dr. Tyler Kress, including rebuttal criticisms of Mark Young, P.E. should be denied.

Sloan argues the Court should broadly preclude Carnival's expert witness, Tyler Kress, Ph.D., from testifying to any opinions not contained in his report, and more particularly, should preclude him from testifying to criticisms of Sloan's opposing expert, Mark Young. However, Dr. Kress's testimony should not be so limited if questioning by Sloan's attorney at trial opens the door to the opinions she now seeks to exclude. The testimony at issue in Sloan's motion was not volunteered by Dr. Kress; rather, it was elicited when Sloan's counsel directly asked Dr. Kress for his opinions regarding Young's opinions. *See* Exhibit A., Kress Dep., pp. 124:10-126:25. Sloan's counsel asked Dr. Kress if he reviewed Young's report and whether he agreed with Young's findings and opinions, thus eliciting the testimony she now seeks to exclude. Ex. A, 29:1-34:20,

3

42:9-45:10, 84:5-10, 87:17-88:1, 90:9-91:4, 94:2-12, 96:23-97:5, 99:20-24, 100:12-101:5, 104:1-4, 129:9-13, 131:17-22, 141:2-3. Sloan obtained the substance of the opinions and the bases for them through her own discovery efforts. Sloan cannot now invoke Rule 26(a)(2)(B) to exclude testimony that she elicited.  Should Sloan's counsel ask the same or similar questions at trial, Dr. Kress should not be precluded from offering complete answers.

Sloan also cannot show that the evidence she seeks to exclude "is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). Her motion is overbroad and fails to specifically identify the evidence to be excluded because it refers to an entire category of testimony but identifies only two brief excerpts. *See Holder v. Anderson*, No. 3:16-cv-1307-J-39JBT, 2018 WL 4956757, 2018 U.S. Dist. LEXIS 233021, at *2-3 (M.D. Fla. May 30, 2018) ("Motions in limine should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial[.]") Thus, to the extent Sloan's motion seeks a categorical exclusion of evidence it should be denied. *See Ctr. Hill Courts Condo. Ass'n. v. Rockhill Ins. Co.*, No. 19-cv-80111, 2020 WL 496065, 2020 U.S. Dist. LEXIS 16261, at *9 (S.D. Fla. Jan. 30, 2020) (denying motion in limine to preclude experts "from offering opinions on matters not identified in their expert reports or deposition testimony" reasoning that "[t]he Court cannot categorically exclude the testimony of any potential witness that was not timely disclosed, if any such testimony is presented, without first being apprised of the nature of the testimony and providing Defendant with an opportunity to establish that its failure to disclose was substantially justified or harmless.").

Further, Sloan has not demonstrated that she will suffer any prejudice if the testimony is permitted.  Federal Rule of Civil Procedure 37(c)(1) states that a party who fails to provide information or identify a witness as required by Rule 26(a) or (e) may not use that information or

4

witness at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  As explained above, the alleged lateness of come of the opinions expressed by Dr. Kress in his deposition is substantially justified and harmless as it was elicited by Sloan's counsel before discovery closed, Sloan's counsel had the opportunity to explore opinions in deposition and Sloan did not request a discovery extension. *See  Lakeman v. Otis Elevator Co.*, 930 F.2d 1547, 1554 (11th Cir. 1991) (holding that the trial court did not abuse its discretion in allowing expert testimony on matters not disclosed where the opposing party's counsel was "well versed" in those matters and "capable of cross-examining [the experts] effectively").

Accordingly, Defendant respectfully requests that the Court deny Sloan's Motion in Limine to the extent set forth in this memorandum.

WHEREFORE, Carnival respectfully requests that this Court deny Plaintiff's Omnibus Motion in Limine in part as set forth herein.

Respectfully submitted,

By: /s/ Kimberly Mason
Andrew D. Craven [FBN: 185388]
acraven@chartwelllaw.com
Elisha M. Sullivan [FBN: 57559]
esullivan@chartwelllaw.com
Kimberly Mason [FBN: 117829]
kmason@chartwelllaw.com
THE CHARTWELL LAW OFFICES, LLP
100 SE 2nd Street, Suite 2150
Miami, Florida 33131-5322
Telephone: (305) 372-9044
Facsimile: (305) 372-5044
Attorneys for Defendant

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this **June 24, 2026** I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will furnish an electronic copy to all counsel of record.

Respectfully submitted,

<u>/s/ Kimberly Mason</u>
Kimberly L. Mason